UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOUTHERN BANK & TRUST COMPANY,  :
                                :
            Plaintiff,          :
                                :
v.                              : ACTION NO. 2:14-CV-254
                                :
PRIYAM, LLC, et al.,            :
                                :
            Defendants.         :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action to enforce a promissory note and commercial guaranties comes before the court on Plaintiff's Motion for Default Judgment under Rule 55 of the Federal Rules of Civil Procedure. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the undersigned recommends that the motion be GRANTED IN PART, and that default judgment be entered against Defendants Vijay Patel, Pradip Shah, Vijay Shah, and Priyam, LLC.

## I. STATEMENT OF THE CASE

A review of the pleadings, declarations and attached exhibits in the case establishes the following facts. On April 21, 2005, Defendant Priyam, LLC executed a Promissory Note for $4,125,000.00 in favor of the Bank of the Commonwealth. See

1

(ECF No. 1-1, at 1). Defendants Vijay Patel, Pradip Shah, and Vijay Shah separately executed Commercial Guaranties on April 21, 2005. See (ECF. Nos. 1-4, 1-5, 1-6). Vijay Shah signed one Guaranty on his own behalf (ECF No. 1-6, at 3) and executed the Guaranties of Pradip Shah and Vijay Patel by power of attorney. (ECF No. 1-4, at 3; ECF No. 1-5, at 3). While Defendants Vijay Patel and Vijay Shah agreed to guarantee $2,062,500.00 of Priyam's indebtedness, Pradip Shah agreed to guarantee fifty percent (50%) of Priyam's indebtedness not to exceed $2,062,500.00.

On January 20, 2009, Priyam entered into a Change in Terms Agreement. (ECF No. 1-2). This Change Agreement reflected the Note's then-existing Principal of $3,730,392.96 and modified the monthly payment amounts, the monthly payment dates, and the maturity date. Id.

Bank of the Commonwealth was placed into receivership on September 22, 2011 and no longer exists. Plaintiff Southern Bank and Trust Company ("Southern") purchased, and is the successor in interest to, the original lender's Note. (Compl. ¶ 10, ECF No. 1, at 3). On November 14, 2013, Southern issued a Notice of Default to Priyam and the individual guarantors for "failure to make timely payments" on the Note. (ECF No. 1-3, at 1). Defendants did not make payment as demanded.

On May 30, 2014, Southern filed the present action. (ECF

No. 1). In the Complaint, Southern sought judgment for the outstanding principal, interest, and reasonable attorney's fees and collection expenses. Specifically, Southern sought judgment against Defendants Priyam, Vijay Shah, and Vijay Patel in the amount of $859,369.39 in principal and $150,253.74 in interest through May 30, 2014 and accruing at the Note's default rate of 10.75% thereafter. (Compl. ¶¶ 14, 26, 32). Southern sought judgment against Defendant Pradip Shah in the amount of $429,684.70 in principal and $75,126.87 in interest through May 30, 2014 and accruing at 10.75% thereafter. (Compl. ¶ 20; Hill Decl., ECF No. 9-1).[1]

Southern properly served its Complaint and Summons on Pradip Shah, Vijay Shah, and Vijay Patel on June 6, 2014, and filed proof of service on June 10, 2014. (ECF No. 4). Southern properly served Priyam on June 10, 2014, with proof of service filed on June 16, 2014. (ECF No. 5). All four Defendants failed to file a timely Answer or otherwise respond to the Complaint. On July 16, 2014, Southern filed its Motion for Entry of Default. (ECF No. 6). In accordance with Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default on the record on July 21, 2014. (ECF No. 7).

---

[1] The Complaint contains a typographical error in the amount sought against Pradip Shah, but the Motion and Declaration include the correct amount, which is $10,000.00 less than the figure in the Complaint.

3

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Southern filed its Motion for Default Judgment against the Defendants on September 18, 2014. (ECF No. 8). Southern seeks to recover the same principal, interest, and reasonable attorneys' fees and collection expenses identified in the Complaint. (ECF No. 9). In support of its motion, Southern submitted declarations verifying the outstanding principal and interest payments and summarizing the incurred and expected attorneys' fees and collection expenses. (Decl. of James C. Hill, ECF No. 9-1; Decl. of Jeffrey Gray, ECF No. 9-2). Specifically, Southern seeks $81,484.50 for incurred fees and costs and $30,000.00 for anticipated collection fees and costs. (Gray Decl., ECF No. 9-2, at 5-6).

## II. ANALYSIS

Plaintiffs may file – and courts may appropriately enter – a default judgment when defendants have "failed to plead or otherwise defend" against an action, and an affidavit or other filing demonstrates that failure. Fed. R. Civ. P. 55(a). Southern properly served its Complaint and Summons on P. Shah, V. Shah, and V. Patel on June 6, 2014, and on Priyam on June 10, 2014. The defendants' responsive pleadings were due within twenty-one days of service, or June 27 and July 1, 2014, respectively. Fed. R. Civ. P. 12(a)(1)(A). Having received no response, Southern filed its Motion for Entry of Default, which

4

the Clerk properly entered on July 21, 2014. Fed. R. Civ. P. 55(a).

If a defendant fails to deny in a required responsive pleading any substantive allegation in the complaint, that allegation is considered admitted. Fed. R. Civ. P. 8(b)(6); see also Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Southern filed a well-pleaded complaint that included a statement of the court's jurisdiction, a statement of the claim entitling it to relief, and a demand for relief. Fed. R. Civ. P. 8(a).[2] The Defendant's default thus establishes the facts alleged against them. Specifically, the admitted facts establish that the Defendants - all Virginia residents - are party to the Note and Guaranties which were all executed in Virginia, and that Southern's status as a North Carolina corporation establishes complete diversity of citizenship. The amount in controversy exceeds $75,000.00. Therefore, the court considers whether Southern's well-pleaded factual allegations state a claim upon which the court can grant relief. See, e.g., Joe Hand Promotions, Inc. v. Citibars, Inc., 2:11cv58, 2012 WL

---

[2] Pursuant to Virginia's long-arm statute, "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from . . . [t]ransacting any business in this Commonwealth." Va. Code Ann. § 8.01-328.1. Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction based on diversity of citizenship with an amount in controversy exceeding $75,000.00. Venue is proper under 28 U.S.C. § 1391 and Local Rule 3(C).

503212, at *3 (E.D. Va. Feb. 8, 2012) (citing Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998)).

A. Judgment on the Note

Under Virginia Code § 8.01-27, a civil action may be maintained "upon any note or writing by which there is a promise, undertaking, or obligation to pay money," so long as the note is signed by the party to be charged or its agent.[3] Va. Code Ann. § 8.01-27. Signatures are presumed valid unless denied in the pleadings. Va. Code Ann. § 8.3(a)-308.

Southern's Complaint and the declarations of Mr. Hill and Mr. Gray establish that Priyam borrowed funds under the terms of the Note and has failed to make payments as required. The Hill declaration also confirms that the individual defendants executed the Guaranties and agreed to assume a specified share of Priyam's indebtedness on the Note. Although Vijay Patel and Pradip Shah authorized Vijay Shah to sign the Guaranties by Power of Attorney, a supplemental exhibit signed by both acknowledged their liability on the Guaranties. (Hill Decl., ECF No. 12-1, at 6-7). Vijay Patel and Vijay Shah agreed to guarantee up to $2,062,500.00 of Priyam's indebtedness and Pradip Shah agreed to guarantee fifty percent (50%) of Priyam's

---

[3] The statute of limitations for enforcing obligations on a Note runs for six years from the due date of payments. Va. Code Ann. § 8.3A-118(a).

6

indebtedness not to exceed $2,062,500.00. The admitted facts further establish that the defendants have failed to make the payments due on the Note's principal or interest.

As a result, with respect to principal and interest payments, and considering the declarations and the admitted allegations, the undersigned recommends that the court GRANT Southern's Motion for Default Judgment against Priyam, LLC, Vijay Patel and Vijay Shah and enter judgment in the amount of $859,369.39 plus $186,534.70 for interest through November 30, 2014. In addition, the court should GRANT Southern's Motion for Default Judgment against Pradip Shah and enter judgment in the amount of $429,684.70 plus $93,267.35 for interest through November 30, 2014.

Plaintiff also requested post-judgment interest at the default rate of 10.75%. Although the Note provides for interest at that rate following default, it does not explicitly establish the rate of post-judgment interest. Under 28 U.S.C. § 1961, a uniform federal rate of post-judgment interest applies to "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Absent a clear, unequivocal agreement to the contrary, this uniform federal rate applies to post-judgment interest on Plaintiff's claims. Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999); Braunstein v. Pickens, 274 F.R.D. 568, 574 (D.S.C. 2011) ("Parties may

contractually agree to a different rate, but that agreement must be expressed in 'clear, unambiguous and unequivocal language.'"). In this case, the Promissory Note executed by Priyam and Guaranteed by the Individual Defendants does not clearly and unambiguously adopt a different rate of post-judgment interest. Accordingly, the undersigned recommends that the judgments against all the Defendants bear interest at the judgment rate established by 28 U.S.C. § 1961.

## B. Attorney's Fees

The Note provides that "upon default, Borrower agrees to pay Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit, including without limitation legal expenses for bankruptcy proceedings." (ECF No. 1-2, at 1). Southern's Guaranty Agreements with the individual defendants include an almost identical clause for attorney's fees in the event of default. See (ECF No. 1-4, at 2); (ECF No. 1-5, at 2); (ECF No. 1-6, at 2).[4] Southern submits that the total attorney's fees incurred to date are $81,484.50 and are "reasonably estimated to total $111,484.50 including post-judgment attorney's fees incurred in

---

[4] They provide: "Guarantor agrees that if Lender hires an attorney to help enforce this Guaranty, Guarantor will pay, subject to any limits under applicable law, Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit and including without limitation additional legal expenses for bankruptcy proceedings." (ECF No. 1-4, at 2); (ECF No. 1-5, at 2); (ECF No. 1-6, at 2).

collection efforts against Defendants." (ECF No. 9, at 5); see also (ECF No. 9-2, at 6). After reviewing the Plaintiff's declarations and accompanying exhibits, the undersigned recommends awarding attorney's fees in the amount of $81,484.50.

**1. Attorney's Fees Incurred to Date are Reasonable**

Southern hired counsel after Defendants defaulted to prepare to foreclose on the property securing the Note and to attempt to work out repayment and restructure of the loan. (ECF No. 9-2, at 2). According to Southern's attorney, Mr. Gray, because repayment efforts failed, Southern "expended fees to file a Petition seeking the emergency appointment of a receiver, as well as making appearances in court to secure the appointment and ongoing authority of the Property and extend the receivership a number of times." Id. at 4. Plaintiff also incurred legal expenses associated with an anticipated foreclosure on the Deed of Trust and ultimate sale of the property to a third party. Id.

Under Virginia law, when a contract provides for attorney's fees, but does not specify the amount, the fact finder is required to determine the reasonable fees under the particular circumstances of the case. Mullins v. Richlands Nat'l Bank, 221 Va. 447, 449 (1991) (citing Beale v. King, 204 Va. 443, 446

(1963)).[5] In this case, the incurred attorney's fees thus far, totaling $81,484.50, are reasonable under the circumstances. The facts described by Southern's counsel indicate that Southern needed the assistance of an attorney once Defendants defaulted under the Note and Guaranty Agreements in order to prepare to foreclose on the property and to protect the collateral securing the loan through appointment of a receiver. (See ECF No. 9-2, at 2-4). These efforts were successful, resulting in the appointment of a receiver, sale of the property, and substantial satisfaction of the balance due under the terms of the Note. An Exhibit to Mr. Gray's Declaration describes in detail the attorney's fees associated with these steps. See id. at 8-47. In

---

[5] The court may also "look[] to federal law: as a persuasive, nonconflicting guide in interpreting reasonable fees under Virginia law." GE Supply, a Div. of Gen. Elec. Co. v. Thomas, 62 F.3d 1414, at *7 (4th Cir. 1995) (unpublished table opinion). Federal case law instructs that the court assess several factors: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." Airlines Reporting Corp. v. Sarrion Travel, Inc., 846 F. Supp. 2d 533, 537-38 (E.D. Va. 2012) (quoting Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243-44 (4th Cir. 2009)).

addition, Mr. Gray averred that the firm's "hourly rates are reasonable for attorneys and paralegals at large law firms in Hampton Roads as well as for other regions." Id. at 5. Considering "the time consumed, the effort expended, [and] the nature of the services rendered," the record supports that the attorney's fees already incurred are reasonable under the circumstances. (See ECF No. 9-2, at 7-47); Mullins, 221 Va. at 449. The complex nature of the work, the results obtained, the amount of the loan, and the experience of the attorneys performing the work, establish that both the rates and time expended to date are reasonable. Accordingly, the undersigned recommends the court award Southern attorney's fees already incurred in the amount of $81,484.50.

2. **Future Attorney's Fees**

In addition to awarding attorney's fees already incurred, a court may award attorney's fees for legal services not yet performed. Airlines Reporting Corp. v. Sarrion Travel, Inc., 846 F. Supp. 2d 533, 537 (E.D. Va. 2012) (citing Virginia law). If future services of an attorney will be required in the case, the fact finder should make a reasonable estimate of their value. Id. (citing Mullins, 241 Va. at 449). In doing so, "the fact finder should estimate the time to be consumed, the effort to be expended, the nature of the services to be rendered, and any other relevant circumstances." Id. (quoting Mullins, 241

Va. at 449). However, a fact finder may only do so on the basis of a record that allows reasonable judgment of the future fees that more likely than not, will be incurred. Id. at 540 (citing Shepherd v. Davis, 265 Va. 108, 125 (2003) (burden on party seeking damages to prove "with reasonable certainty the amount of damages . . .; speculation and conjecture cannot form the basis of recovery") (quotation marks and citations omitted)).

In this case, Southern requests $30,000 in additional fees and costs that it anticipates to expend in its attempt to collect the judgment entered in this case. (ECF No. 9, at 5). However, Southern's request and the record do not provide a sufficient basis to support this request for anticipated fees. With respect to projected future fees, Southern only provides the attorney's declaration, which states "that Southern is reasonably likely to expend an additional $30,000.00 in fees and cost." (ECF No. 9-2, at 6). Plaintiff has not provided any evidence regarding the number of hours that will likely be expended to collect the judgment or what steps will likely be taken to pursue collection, or the reasonable fees in Virginia for the type of legal services expected to be performed to collect any specific judgment in this case. See Airlines Reporting Corp., 846 F. Supp. 2d at 540. Post-judgment collection may indeed involve a variety of proceedings sufficient to make counsel's estimate a reasonable one. See Va.

Code Ann. § 8.01-506 (interrogatories to judgment debtor); id. § 8.01-462 (permitting sale of debtor's real estate to satisfy judgment lien if rents and profits insufficient). But collection may also be as simple as docketing the judgment against other assets. See Va. Code Ann. §§ 8.01-447, 458. Because Southern's estimate in this case is speculative, and the record too sparse to support the request for future attorney's fees, the undersigned is unable to conclude that a future fee award of $30,000.00 is reasonable.

For the reasons discussed above, an award of $81,484.50, which reflects the fees actually incurred, is a reasonable fee for the work already completed. However, due to the lack of support in the record, the undersigned is unable to conclude that an award for $30,000 in future attorney's fees is reasonable. As a result, the undersigned recommends that Southern's request for past fees in the amount of $81,484.50 be granted, and that its request for future fees be denied.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion for Default Judgment (ECF No. 8) be GRANTED IN PART, and that default judgment be entered against Defendants Vijay Patel, Pradip Shah, Vijay Shah, and Priyam, LLC as follows:

> (1) that the court GRANT Southern's Motion for

Default Judgment against Priyam, LLC and enter judgment in the amount of $859,369.39 plus $186,534.70 for interest through November 30, 2014, $81,484.50 in attorney's fees and costs, and interest at the judgment rate thereafter.

(2) that the court GRANT Southern's Motion for Default Judgment against Vijay Patel and Vijay Shah and enter judgment in the amount of $859,369.39 plus $186,534.70 for interest through November 30, 2014, $81,484.50 in attorney's fees and costs, and interest at the judgment rate thereafter.

(3) that the court GRANT Southern's Motion for Default Judgment against Pradip Shah and enter judgment in the amount of $429,684.70 plus $93,267.35 for interest through November 30, 2014, $81,484.50 in attorney's fees and costs, and interest at the judgment rate thereafter.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of filing of this Report to the objecting party, 28 U.S.C. §

636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 19, 2014